BARKMAN v. PENNSYLVANIA R. CO. et al.

(Circuit Court, D. New Jersey. August 10, 1898.)

CARRIERS—INJURY TO PASSENGER—LIABILITY FOR NEGLIGENCE OF AGENT.

A railroad company selling a ticket for the carriage of a passenger between two points is liable in tort for an injury resulting to such passenger through the negligence of those operating the train, though such train was owned and operated by a different company, the ticket being receivable for passage thereon through an arrangement between the two companies.[1]

On Demurrer to the Declaration.

James B. Vredenburgh, for the motion.
Flavel McGee, opposed.

KIRKPATRICK, District Judge.   The declaration in this case alleges that the defendant the Pennsylvania Railroad Company was in possession and control of a certain railroad running from Jersey City to Newark, engaged in the business of carrying passengers over the same for hire and reward, and that the defendant the Lehigh Valley Railroad Company was also possessed of and operating a certain locomotive engine and train of cars over the same railroad, and engaged in carrying passengers over the same; that the plaintiff purchased of the Pennsylvania Railroad Company, for a price, a ticket entitling him to a passage from Newark to Jersey City, in the trains of either of said companies passing over said railroad.   It further alleges that the plaintiff, with his ticket, presented himself for carriage to a train of the defendant the Lehigh Valley Railroad Company, and that he was received thereon, and that afterwards, through the carelessness and negligence of the defendants in the management of said train, he was violently thrown from the train to the ground, and received thereby serious injury, to his damage $20,000, wherefor he brings his suit. To this declaration of the plaintiff the Lehigh Valley Railroad Company has entered a plea of not guilty, and the defendant the Pennsylvania Railroad Company has interposed a general demurrer.

The ground of demurrer is that the defendant the Pennsylvania Railroad Company was improperly joined in the suit, because the relations existing between itself and the plaintiff were merely contractual, and that, therefore, an action of tort would not lie against it.   No authority is cited to support this contention.   The contract of the railroad company was to carry the plaintiff between Newark and Jersey City, and if, through the carelessness or negligence of its servants or agents, or those whom it employed or permitted to execute the contract, the plaintiff was injured, he has his remedy in an action of tort against the party so contracting.   The railroad company selling the ticket cannot relieve itself from the responsibility of exercising reasonable care for the safe conveyance of the passenger by placing him in charge of another company.   It makes no difference

[1] As to liability for injuries caused by negligence or torts of servants of carriers generally, see note to Railway Co. v. Williams, 10 C. C. A. 466, and supplementary note to The Anchoria, 27 C. C. A. 651.

whether they carry the passenger themselves, or permit another to do so. Railway Co. v. Blake, 7 Hurl. & N. 987.

It is also urged as ground of demurrer that the contract as annexed to the declaration does not show any agreement on the part of the Pennsylvania Railroad Company to carry the passenger on the trains of the Lehigh Valley Railroad Company, and that the tracks are by statute a public highway. There is a distinct averment in the declaration of the right of the plaintiff under the contract to use the trains of the Lehigh Valley Company. While the tracks are by statute made a public highway, "the utmost that can be claimed is that it [the statute] gave the right to other persons to use engines and cars on defendants' railway, subject to such rules as they might prescribe." Railroad Co. v. Salmon, 39 N. J. Law, 299. The terms and conditions upon which the Lehigh Valley Company was operating its locomotive engine and train are matters of defense. Whether they were such as to render the Pennsylvania Railroad Company liable to the plaintiff for the alleged negligent conduct of its co-defendant is an issue which cannot be determined on this demurrer. The demurrer should be overruled, with costs